**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF**<br>**STEPHANIE A. GALLAGHER**<br>**UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7780**<br>**MDD_SAGchambers@mdd.uscourts.gov** |

April 25, 2025

**LETTER MEMORANDUM**

      RE:    Justin Corron v. State of Maryland, et al.
                  Civil Case No. SAG-24-0993

Dear Counsel:

      This case arises out of injuries suffered by Plaintiff Justin Corron ("Plaintiff") when he was assaulted by fellow inmates while incarcerated at the Central Maryland Correctional Facility ("CMCF"). This Court has reviewed the motion to dismiss or, in the alternative, motion for summary judgment filed by Defendants State of Maryland, Department of Public Safety and Correctional Services ("DPSCS"), Warden Margaret Chippendale, Assistant Warden Tikaya Parker, Corporal Folake Farinloye, Corporal Christopher Madu, and Corporal Deborah Brown (collectively, "Defendants"). ECF 24. Plaintiff filed an opposition, ECF 29, and no reply has been filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, the motion will be granted in part and denied in part.

      The Amended Complaint asserts two counts against the moving Defendants: Count One asserts violations of Plaintiff's federal constitutional rights to "the security of his person, freedom from violence at the hands of other prisoners, and to not be subjected to cruel and unusual punishment by incarcerated." ECF 5 ¶ 45. Those claims, brought pursuant to 42 U.S.C. § 1983, are asserted against the five individual movants. Count Two asserts against the State of Maryland and DPSCS violations of the same constitutional rights under the state constitution. *Id.* ¶¶ 48–52.

      Plaintiff concedes that the State of Maryland and its agencies, including DPSCS, are immune from suit in federal court absent consent. ECF 29-1 at 6. Accordingly, Count Two is dismissed against the State and DPSCS. Although the same Eleventh Amendment immunity "extends to state officers acting in their official capacity," it does not prevent suit against the individual Defendants in their individual capacities. *Martin v. Wood*, 772 F.3d 192, 195 (4th Cir. 2014) (citation omitted). Count One specifies that the individual Defendants are sued in their individual capacities and is not therefore subject to dismissal on that basis.

      The remainder of Defendants' arguments for dismissal of Count One revolve around the preclusive effect of, and the findings made during, an administrative hearing in this matter. This

Court is unpersuaded that Plaintiff's 1983 claim in this case is precluded by that proceeding and believes that Plaintiff is entitled to a full and fair opportunity to conduct discovery on his alleged constitutional violations. Moreover, treating the instant motion as a motion for summary judgment would be inappropriate without permitting the Plaintiff to take discovery on the pertinent facts his attorney lists in his Rule 56(d) affidavit. ECF 29-2.

      For the reasons stated above, Defendants' motion, ECF 24, is granted as to the claims in Count Two against Defendants State of Maryland and DPSCS, and as to any claims against the individual Defendants in their official capacities. The motion is DENIED as to Count One as it is brought against the individual Defendants in their individual capacities.

      A separate Order follows.

                                                  Sincerely yours,

                                                        /s/

                                                  Stephanie A. Gallagher
                                                United States District Judge